UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS, et al.,

Plaintiffs,

-against-

COMMODORE CONSTRUCTION CORP., et al.,

Defendants.

**ORDER**

25-CV-08597 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 1, 2026, Plaintiff filed a Proposed Order to Show Cause Without Emergency Relief why the Court should not enter a default judgment against Defendants Commodore Construction Corp. and Gerald Michael Boyle ("Proposed OTSC"). (Doc. 40). The Court declines to sign the Proposed OTSC.

Under Local Rule 55.2(c), a party seeking a default judgment "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Although Plaintiff filed a declaration of Plaintiff's counsel (Doc. 41), an affidavit of the "fund administrator of the Funds" (Doc. 42), a "Statement of Damages" (Doc. 43), and a proposed default judgment (Doc. 45) in support of the Proposed OTSC, these documents are insufficient to comply with the requirement to "show[] the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs."

Nor has Plaintiff complied with this Court's Individual Practices which also require, in addition to Local Rule 55.2 Statement of Damages, "an affidavit from a party with personal knowledge of damages and the basis for each element of damages, including . . . attorney's fees,

and costs, attaching exhibits as necessary to support the basis therefor"; an attorney's affidavit setting forth "whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to the resolution of the entire action"; and a "memorandum of law . . . explaining how service of process was proper under the Federal Rules of Civil Procedure and how the moving party's proof satisfies the burden of proof associated with the request." (*See* Individual Practices (rev. Jan. 6, 2025), Attachment A).

Accordingly, by **July 23, 2026**, Plaintiff shall supplement the previous filings to comply with the foregoing.

Upon appropriate supplementation of the papers, the Court will take Plaintiff's request for the entry of default judgment by order to show cause under advisement.

**SO ORDERED.**

Dated: White Plains, New York
July 9, 2026

PHILIP M. HALPERN
United States District Judge